IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISRICT OF INDIANA
INDIANAPOLIS DIVISION

EQUAL EMPLOYMENT OPPORTUNITY       )
   COMMISSION,                    )
                                )
          Plaintiff,           )  MISC. NO.
                                )  1:14-mc-61
   v.                            )
                                )
AMERICOLD LOGISTICS, LLC          )
                                )
         Respondent.             )
_____   )

**Memorandum In Support of Application for an Order to Show Cause Why an
Administrative Subpoena Should Not Be Enforced**

This case is before the Court on the application of the Equal Employment Opportunity

Commission (the "EEOC" or "Commission") for an order to show cause why an administrative

subpoena should not be enforced. The EEOC is currently investigating charges of sex

discrimination and retaliation filed against Americold Logistics, LLC ("Company" or

"Respondent") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

("Title VII"). In the course of its investigation, the EEOC issued a subpoena seeking documents

relating to that investigation. The Respondent to date has refused to produce requested

documents, and that refusal has delayed and hampered the investigation of the charge. The

EEOC therefore applies to this Court to issue an Order To Show Cause why the Subpoena should

not be enforced.

## I.   FACTUAL BACKGROUND

The Charging Party filed charges of discrimination alleging that the Company discriminated against her on the bases of sex and retaliation.  Specifically, the Charging Party alleges that she was subjected to harassment based on her gender and retaliation. The EEOC sent the Respondent notice of the charge and began to investigate whether Title VII had been violated. (Declaration of Webster N. Smith, District Director & Attachments 1 & 3 thereto.)

The Commission attempted to obtain the subpoeaned information informally with no success. On March 20, 2014, the EEOC served a written Request for Information on the Respondent, returnable by April 4, 2014. (Dir. Decl., Attachment 5.)  The EEOC requested that the Respondent provide the following information:  a list of all Respondent's facilities in the United States that are unionized, including identifying information, such as address and telephone number, number of employees, name and address of local union, number of employees in facility, number of employees in the union, name of Facility Manager, and provide copies of all collective bargaining agreements in effect at said facilities from January 1, 2011 to the present.  (Dir. Decl., Attachment 5.)  This information is necessary to determine which of Respondent's facilities requires its employees to elect to pursue discrimination claims either (1) through the grievance and arbitration procedure or (2) through any other forum available at law, including but not limited to any state or federal court action and/or any state or federal fair employment practices discrimination claim, or related claim.

In an email dated April 21, 2014, Respondent's representative provided a copy of the collective bargaining agreement ("CBA") for its Indianapolis, Indiana facility.  Respondent also stated that it has approximatley150 warehouses, with approximately half unionized.  Each collective bargaining unit is specific and separately negotiated.  Respondent stated that the CBAs

2

of the other warehouses were not relevant.  (Dir. Decl., Attachment 6.)  Throughout the investigation and up to this day, the Respondent has refused to voluntarily produce the requested information.

As a result, on May 7, 2014, the Director of the Indianapolis District Office issued and served upon the Respondent a subpoena for the information specifically identified above. (Dir. Decl., Attachments 7, 8 & 9.)  The subpoena directed the Respondent to produce the documents by May 27, 2014.

On May 19, 2014, the Commission received a Petition to Modify Subpoena from Respondent maintaining that the requested information was not relevant.  (Dir. Decl., Attachment 10.)  By letter dated May 23, 2014, Karen M. Bellinger, acting on behalf of the District Director, informed Respondent that its Petition to Revoke or Modify the Subpoena was not timely filed and could not be considered by the Commission.  (Dir. Decl., Attachment 11.)

Respondent's counsel, by letter dated May 27, 2014, opined that its Petition to Modify the Subpoena was timely filed and requested it be granted.  (Dir. Decl., Attachment 12.)  By letter dated June 5, 2014, the District Director reiterated the Commission's position that Respondent's petition was untimely.  (Dir. Decl., Attachment 13.)   The Commission received a letter from Respondent's counsel on June 10, 2014, advising that it intended to "appeal the determination that its petition to modify the subpoena was untimely."  (Dir. Decl., Attachment 14.)  To date, the Respondent has failed to comply with the subpoena.

### II. ARGUMENT

The Respondent failed to exhaust its administrative remedies and has therefore forfeited its right to challenge the subpoena. Independent of Respondent's waiver of its objections, the Company has no valid defense for failing to comply with the EEOC's subpoena.

**A.  The Respondent failed to exhaust its administrative remedies and therefore has waived all objections to enforcement of the subpoena.**

Pursuant to 29 U.S.C. § 161[1] and 29 C.F.R. § 1601.16(b)(1), a recipient of an EEOC subpoena who does not intend to comply must petition the EEOC to revoke or modify the subpoena within five days of service of the subpoena. "A party's failure to attempt this administrative appeal procedure prevents the party from challenging the subpoena, except on constitutional grounds." *EEOC v. County of Hennepin*, 623 F. Supp. 29, 31-32 (D. Minn. 1985). *Accord EEOC v. Cuzzens of Georgia, Inc.*, 608 F.2d 1062, 1063-64 (5th Cir. 1979); *EEOC v. City of Milwaukee*, 919 F. Supp. 1247, 1255 (E.D. Wis. 1996); *EEOC v. Roadway Express, Inc.*, 569 F. Supp. 1526, 1528-29 (N.D. Ind. 1983); *see also EEOC v. Lutheran Soc. Servs.*, 186 F.3d 959, 964 (D.C. Cir. 1999) ("section 1601.16(b)(1)'s mandatory language creates a strong presumption that issues parties fail to present to the agency will not be heard in court").

The Respondent did not petition the EEOC to revoke or modify the subpoena within five days, as required by the statute and the related regulations. (Dir. Decl.)  Consequently, all Respondent's objections to enforcement of the subpoena, other than constitutional objections, have been waived. Because Respondent does not, and cannot, raise any constitutional objections, the subpoena must be enforced.

**B.  Independent of Respondent's waiver of its objections, it has no valid defense for failing to comply with the EEOC's subpoena.**

Even if Respondent's objections are considered, the Company has no valid defense for failing to comply with the EEOC's subpoena.  EEOC subpoena-enforcement proceedings are summary in nature and involve only limited judicial review.  *EEOC v. Randstad*, 685 F.3d 433, 442 (4th Cir. 2012); *EEOC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d 366, 368

---

[1] This section is incorporated into Title VII by 42 U.S.C. § 2000e-9.

4

(7th Cir. 2011); *EEOC v. Fed. Express Corp.*, 558 F.3d 842, 848 (9th Cir. 2009); *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 649 (7th Cir. 2002); *EEOC v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 475 (4th Cir. 1986); *see also EEOC v. Shell Oil Co.*, 466 U.S. 54, 81 (1984) (rejecting argument that notice of the charge was insufficient because allowing respondents to make such an argument would delay EEOC's investigations); *EEOC v. Dillon Cos.*, 310 F.3d 1271, 1277 (10th Cir. 2002) (not allowing "an employer to turn a summary subpoena-enforcement proceeding into a mini-trial by allowing it to interpose defenses that are more properly addressed at trial"). To successfully petition a court to enforce an administrative subpoena, the Commission needs only to show that 1) the subpoena is within the agency's authority; 2) the demand is not too indefinite; and 3) the information sought is relevant to the investigation. *Univ. of Pa. v. EEOC*, 493 U.S. 182, 191 (1990); *EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 n.26 (1984); *Randstad*, 685 F.3d at 442; *EEOC v. Schwan's Home Serv.*, 644 F.3d 742, 746 (8th Cir. 2011); *Konica Minolta*, 639 F.3d at 368; *EEOC v. Fed. Express Corp.*, 558 F.3d at 848; *United Air Lines*, 287 F.3d at 649; *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (en banc); *EEOC v. A.E. Staley Mfg. Co.*, 711 F.2d 780, 788 (7th Cir. 1983). Once this showing has been made, a court will enforce the subpoena unless the Respondent can prove that the subpoena is unduly burdensome. *EEOC v. Quad/Graphics, Inc.*, 63 F.3d 642, 645 (7th Cir. 1995); *EEOC v. Citicorp Diners Club*, 985 F.2d 1036, 1040 (10th Cir. 1993); *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 475-76 (4th Cir. 1986); *Children's Hosp. Med. Ctr.*, 719 F.2d at 1428; *EEOC v. C & P Tel. Co.*, 813 F. Supp. 874, 875 (D.D.C. 1993); *see also EEOC v. Kronos, Inc.*, 620 F.3d 287, 296 n.4 (3rd Cir. 2010) (listing five prerequisites for enforcement of agency subpoena).

1. <u>The subpoena is valid and within the agency's authority</u>.

First, Congress has authorized, and indeed mandated, that the EEOC investigate charges of discrimination alleging that Title VII has been violated. 42 U.S.C. § 2000e-5(b). Congress has conferred on the Commission broad powers of access to records of those entities against whom charges have been filed, 42 U.S.C. § 2000e-8(a), including the authority to subpoena evidence in an investigation, 29 U.S.C. § 161 (incorporated into Title VII by 42 U.S.C. § 2000e-9).

Charges filed by individuals should be liberally construed to effectuate the remedial and humanitarian purposes of Title VII. *EEOC v. Randstad*, 685 F.3d 433, 447 (4th Cir. 2012) ("The charge-filing procedure 'should not become a tripwire for hapless plaintiffs" *citing Sydnor v. Fairfax Cty.*, 681 F.3d 591, 594 (4th Cir. 2012)); *EEOC v. Michael Const. Co.*, 706 F.2d 244, 248 (8th Cir. 1983); *EEOC v. Univ. of N.M.*, 504 F.2d 1296, 1303-04 (10th Cir. 1974); *EEOC v. Astronautics Corp. of Am.*, 660 F. Supp. 838, 841-42 (E.D. Wis. 1987). Indeed, when systemic discrimination is suspected, the EEOC may consider "the possibility of discrimination pervading all areas of the company's employment." *Quad/Graphics*, 63 F.3d at 647.

The EEOC is investigating the Charging Party's allegations that the Respondent engaged in discrimination in violation of Title VII.  During the course of the investigation the Commission discovered that Respondent requires its employees to pursue either a charge of discrimination or a grievance, but not both.  Such an investigation is within the agency's statutory authority. Thus, the first prong of the test has been satisfied.

2.  All procedural prerequisites have been fulfilled.

Second, a valid charge has been filed and the subpoena contains all the information required

by the EEOC's regulations.  *See* 29 C.F.R. § 1601.16(a) (elements of subpoena)[2]. *See also EEOC*

*v. Shell Oil Co.*, 466 U.S. 54, 67-74 (1984) (addressing requirements of valid charge); 29 C.F.R.

§ 1601.12 (same).  The Respondent does not, and could not, allege that these basic requirements

have not been met.

3. The information sought is relevant.

Finally, the information sought by the subpoena is relevant to the issue of sex discrimination

presented in the charge and the evidence discovered thus far in the Commission's investigation.

The concept of relevancy during an EEOC investigation is broader than is that concept during

litigation. Section 709(a) broadly grants the EEOC access to "any evidence of any person being

investigated or proceeded against that relates to unlawful employment practices covered by this

subchapter and is relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a).  "Since the

enactment of Title VII, courts have generously construed the term 'relevant' and have afforded

the Commission access to virtually any material that might cast light on the allegations against

the employer." *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68-69 (1984).  *Accord EEOC v. Randstad*,

685 F.3d 433, 448 (4th Cir. 2012); *EEOC v. Schwan's Home Serv.*, 644 F.3d 742, 747 (8th Cir.

2011); *EEOC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d 366, 369 (7th Cir. 2011);

*EEOC v. Kronos, Inc*, 620 F.3d 287, 296 (3rd Cir. 2010); *EEOC v. Dillon Cos.*, 310 F.3d 1271,

---

[2] 29 C.F.R. § 1601.16(a) states, in relevant part:

> The subpoena shall state the name and address of its issuer, identify the person or evidence
> subpoenaed, the person to whom and the place, date, and the time at which it is returnable or the
> nature of the evidence to be examined or copied, and the date and time when access is requested. A
> subpoena shall be returnable to a duly authorized investigator or other representative of the
> Commission.

1274 (10th Cir. 2002); *EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 652 (7th Cir. 2002); *EEOC v. Roadway Express, Inc.*, 261 F.3d 634, 639-40 (6th Cir. 2001); *EEOC v. Univ. of Pittsburgh*, 643 F.2d 983, 986 (3rd Cir. 1981). The Commission does not need to present a "specific reason for disclosure" of the requested information, *Univ. of Pa. v. EEOC*, 493 U.S. 182, 194 (1990), and courts generally will defer to the agency's appraisal of what is relevant "so long as it is not obviously wrong," *Randstad*, 685 F.3d at 448 (internal citations omitted).

In reviewing subpoena enforcement actions, numerous courts have recognized the relevance of information about matters not specifically mentioned in the charge, such as information on other job classifications, other departments, and related bases of discrimination. *E.g., EEOC v. Schwan's Home Serv.*, 644 F.3d 742, 748 (8th Cir. 2011) ("Because the EEOC's investigation into Milliren's charge of individual gender discrimination revealed potential systemic gender discrimination, the EEOC had the authority to subpoena information relevant to systemic gender discrimination even absent a valid systemic charge by Milliren"); *EEOC v. Konica Minolta Bus. Solutions U.S.A., Inc.*, 639 F.3d 366, 369-71 (7th Cir. 2011) (ruling that EEOC is entitled to hiring data even though charge addressed terms and conditions of employment, disparate discipline, and retaliation, but not discriminatory hiring; "When the EEOC investigates a charge of race discrimination for purposes of Title VII, it is authorized to consider whether the overall conditions in a workplace support the complaining employee's allegations."); *EEOC v. Kronos, Inc.*, 620 F.3d 287, 297-98 (3rd Cir. 2010) (holding that district court abused its discretion by narrowing the subpoena to certain positions when grocery store used the assessment tool "in hiring for every retail position" and data on other positions would provide comparative information and "may shed light on whether the Assessment has an adverse impact on persons with disabilities"; in addition, nationwide data would provide context for

8

discrimination alleged to have occurred in West Virginia); *EEOC v. Recruit U.S.A., Inc.*,

939 F.2d 746, 756 (9th Cir. 1991) (in context of injunction to compel the company to preserve

records, observing that the EEOC may investigate "the full picture" of the company's

recruitment and hiring practices, including individuals and classifications not specifically named

in the charge); *EEOC v. Tempel Steel Co.*, 814 F.2d 482, 485 n.9 (7th Cir. 1987) (stating that

EEOC may request information concerning sex and national origin of applicants and new hires in

case where charge alleged race discrimination in failure to recall).

If an investigation discloses an unalleged violation, the EEOC is not required to obtain a

new charge from the aggrieved individual or to issue a Commissioner's charge. *EEOC v. Astra*

*USA, Inc.*, 94 F.3d 738, 746 (1st Cir. 1996) (stating that charge enables Commission to initiate

wide investigation, "including a full probing of any evidence of discriminatory practices

unearthed during the course of the initial investigation"); *EEOC v. Lakeside Bldg. Maint., Inc.*,

255 F. Supp. 2d 871 (N.D. Ill. 2003) (holding that EEOC may investigate hiring and assignment

based on national origin at all respondent's locations even though the charging party worked at

one location and desired to withdraw her charge); *see also EEOC v. St. Anne's Hosp.*, 664 F.2d

128, 130 (7th Cir. 1981) (stating that EEOC properly brought suit alleging unlawful discharge

because Charging Party hired a black employee even though charge alleged discrimination based

on sex and religion); *EEOC v. Hearst Corp.*, 553 F.2d 579, 580-81 (9th Cir. 1977) (noting that

EEOC may, but need not, bring Commissioner's charge when the agency finds racial

discrimination during investigation of charge of sexual discrimination); *EEOC v. Gen. Elec. Co.*,

532 F.2d 359, 365 (4th Cir. 1976) (ruling that EEOC need not "cast a blind eye over" facts

learned during investigation that support a different theory of discrimination); *EEOC v. Optical*

*Cable Co.*, 169 F. Supp. 2d 539, 553 (W.D. Va. 2001) (finding that EEOC properly investigated

anomalies in hiring based on sex and race when found during investigation of race discrimination in employment); *EEOC v. St. Michael Hosp. of Franciscan Sisters, Milwaukee, Inc.*, 6 F. Supp. 2d 809, 817-18 (E.D. Wis. 1998) (observing that EEOC may, but need not, bring a Commissioner's charge when the agency finds evidence of uncharged illegal acts). *But see EEOC v. United Air Lines, Inc.*, 287 F.3d 643, 655 & n.7 (7th Cir. 2002) (declining to enforce EEOC's subpoena for a broad range of information and noting that if the EEOC uncovers a broader pattern of discrimination during a narrow inquiry, the EEOC may issue a Commissioner's charge; "Without a broader charge, however, the EEOC's current request cannot be sanctioned.").

Thus, the information requested in the instant subpoena is relevant to the investigation and the subpoena should be enforced.

### C. Compliance With the Subpoena Does Not Impose an Undue Burden on the Respondent.

It follows that the Court should enforce the subpoena unless the Respondent shows that the cost of compliance with the subpoena is "unduly burdensome in the light of the company's normal operating costs." *EEOC v. Md. Cup Corp.*, 785 F.2d 471, 479 (4th Cir. 1986). The Respondent does not, and could not, claim that compliance with the subpoena would impose an undue burden on the Company. Thus, the subpoena should be enforced.

### III. CONCLUSION

For the foregoing reasons, the Court should enforce the EEOC's subpoena.  The subpoena seeks information relevant to a valid charge of discrimination that is within the EEOC's enforcement authority.  Further, the Respondent has not established that complying with the subpoena would be unduly burdensome.  The Commission therefore urges the Court to issue the accompanying proposed Order to Show Cause, and, after giving the Respondent an opportunity to be heard, enforce the subpoena.

Respectfully submitted,

LAURIE A. YOUNG,  #11480-49
Regional Attorney

MICHELLE F. EISELE, #12070-49
Supervisory Trial Attorney

s/Jo Ann Farnsworth
JO ANN FARNSWORTH, #8364-49
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, Indiana 46204
(317) 226-7949
FAX:  (317) 226-5571
e-mail: joann.farnsworth@eeoc.gov

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the EEOC's Memorandum in Support of Application for An Order To Show Cause Why An Administrative Subpoena Should Not Be Enforced was sent by first class mail, postage prepaid, this 17th day of June, 2014 to:

CT Corporation System, Registered Agent for
     Americold Logistics, LLC
150 W. Market Street
Ste. 800
Indianapolis, IN 46204

Sheldon M. Kline
Karin H. Johnson
SHEPPARD MULLIN RICHTER
     & HAMPTON, LLP
1300 I Street, NW, 11th Floor East
Washington, D.C., 20005-3314

s/Jo Ann Farnsworth
JO ANN FARNSWORTH, #8364-49
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
101 W. Ohio Street, Suite 1900
Indianapolis, IN 46204
(317) 226-7949
FAX: (317) 226-5571
Email: joann.farnsworth@eeoc.gov

12