UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICOLD LOGISTICS, LLC,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:14-mc-00061-JMS-DML |

## Order on Motion to Enforce Administrative Subpoena

Americold Logistics, LLC ("Americold") is the respondent on charges of sex discrimination and retaliation filed with the Equal Employment Opportunity Commission by one of its employees, Cierra Hughes. The question presented in this matter is whether Americold must produce certain documents the EEOC has requested through an administrative subpoena issued as part of its investigation of Ms. Hughes's charge. The subpoena directs Americold to produce (1) a list of all of its facilities in the United States that are unionized and (2) a copy of each collective bargaining agreement in effect from January 1, 2012, to present for each unionized facility. Americold refused to produce them, contending that they are not relevant to Ms. Hughes's charge. The EEOC has filed a motion to enforce its subpoena. The parties briefed the issues, and the court held a hearing on August 5, 2014. Having considered the parties' written and oral arguments, the court DENIES the motion to enforce the subpoena.

## Underlying Facts

Ms. Hughes's Charges

Cierra J. Hughes is lift truck operator at Americold's Indianapolis facility. She filed an EEOC charge against Americold on November 1, 2012, alleging sex discrimination and retaliation. Her charge complains of a hostile environment based on sex at her Americold facility, including constant name calling, constant sexual propositioning, interference with work activities, and failure by management to deal properly with complaints of harassment based on sex. She further alleges that the harassment escalated after her complaints and that Americold management told her that it was tired of dealing with her complaints and that she needed stop complaining. She also claims she was denied certain work assignments. Ms. Hughes filed a second charge on November 14, 2012, after her firing on November 13, 2012. Americold maintains she was fired for "malicious gossip" about another employee's sexual conduct, but Ms. Hughes charges that similarly situated employees were not similarly disciplined, and the termination was in retaliation for her earlier EEOC charge.

Ms. Hughes also grieved her termination under the facility's collective bargaining agreement, the result of which is that Americold changed her termination to 30-day suspension. She was reinstated on September 24, 2013, and was paid lost wages from December 17, 2012, to Sept. 24, 2013.

The Subpoena at Issue

On March 20, 2014, the EEOC served a Request for Information on Americold, seeking documents by April 4, 2014. The request was for the categories of documents at issue here: (1) a list of all Americold's facilities in the United States that are unionized and (2) a copy of each collective bargaining agreement in effect from January 1, 2012, to present for each unionized facility. On April 21, 2014, Americold's human resources corporate manager sent an email to the EEOC investigator explaining that Ms. Hughes had been reinstated. The April 21 email also stated that Americold would not produce a list of all of its facilities or the collective bargaining agreements for its warehouses other than Indianapolis because these documents were not relevant to Ms. Hughes's charges. Americold further explained that it has about 150 warehouses, that 50% are unionized, and that each collective bargaining agreement is facility-specific and separately negotiated.

On May 7, 2014, the EEOC issued an administrative subpoena to Americold, directing production of the same documents. It had a return date of May 27. The subpoena was served by certified mail addressed to Jeremy Deenik as Human Resource Specialist at Americold's Indianapolis facility. The receipt card for the mailing was signed by Carol Fred at Americold on May 8. On May 19, 2014, the EEOC received from Americold's counsel a petition to modify subpoena on the basis that its other facilities and their collective bargaining agreements are not relevant to Ms. Hughes's charges.

3

On May 23, 2014, the EEOC advised Americold that its petition to modify was not timely, thus requiring Americold to respond, and that if it did not, then EEOC would file enforcement proceeding. On May 27, 2014, Americold's counsel responded that the petition to modify had been timely submitted because service is measured by the date the subpoena was received in Americold's corporate offices in Atlanta by its Human Resources Manager, which was on May 19. The EEOC disagrees it was timely—and that the documents it seeks are irrelevant—and on June 17, 2014, filed this enforcement proceeding.

## Analysis

### Waiver/Failure to Exhaust

The EEOC contends that Americold did not exhaust its administrative remedies and thus has waived any objections to enforcement of the subpoena. It relies on 29 C.F.R. § 1601.16(b), which provides that a recipient of an EEOC subpoena who does not intend to comply must file a petition seeking revocation or modification within five days of service, and on holdings that failure to do so effects a waiver of objections. The EEOC maintains that it served its subpoena on Americold on May 8 and that Americold did not invoke its administrative remedy until May 19, making it untimely and operating as a waiver of Americold's relevance objections to the subpoena.

Americold contends that it complied with the five-day requirement either because (a) a May 12 email from Americold's corporate human resources department to the EEOC investigator questioning the relevance of the documents

requested was within five days of service of the subpoena on Americold's Indianapolis human resources department or (b) the May 19 formal petition to modify from Americold's lawyers was within five days of the date that Americold's corporate human resources department was formally served with subpoena (May 19). Americold also cites authority for the proposition that when the EEOC's subpoena does advise the recipient of the five-day period, the recipient does not waive objections by failing to make them within five days. Americold also charges that the EEOC effected service on Americold in a manner purposefully designed to prevent the persons with the closest knowledge of the matter from lodging Americold's objections within five days.

Having considered the chronology and the information provided at the hearing, the court finds no basis for concluding that the EEOC effected service in anything other than a forthright manner. The court does find, however, that the five-day requirement does not preclude consideration of Americold's substantive relevance objection to the subpoena. The court's determination in this case to take a liberal view of Americold's compliance with the five-day period is informed by the principle that the EEOC's authority to obtain information extends only to information that is "relevant to the charge under investigation." 42 U.S.C. § 2000e-8(a). It is one thing for a respondent to waive minor or technical objections to an administrative subpoena for failure to raise the objections timely; it is quite another for a court to find a waiver that extinguishes an objection to the agency's *power* to request the information in the first place. *Cf. EEOC v. Aerotek*, 2013 WL 136013

(7th Cir. Jan. 11, 2013) (unpublished decision cited by the EEOC holding respondent had waived lack of quorum challenge by not filing petition within five days).[1] Moreover, the court observes that the subpoena did not inform the recipient of the five-day requirement, and the five-day objection period is much shorter than the fourteen-day period afforded for an objection to a subpoena issued under Fed.R.Civ.P. 45. The court does not here suggest that administrative subpoenas must in all respects comply with Rule 45, but the contrast counsels rejection of a rigid application of the five-day requirement and its draconian consequence here.

In these circumstances, the court finds that Americold has not waived its objections to the subpoena. First, Americold made its objections to the EEOC's document request early and often—including in emails on April 21 and May 12. To ignore them because they were not formal petitions addressed to the subpoena would elevate form (and a rigid form indeed) over substance. The EEOC was obviously aware of Americold's objections within five days of service. Second, given the multiple recipients and various times the subpoena was "served," the court

---

[1] The EEOC relies principally on dicta in this unpublished, unsigned order. In distinguishing its holding from a decision issued by the D.C. Circuit (*EEOC v Lutheran Social Servs.,* 186 F.3d 959 (D.C. Cir. 1999), the Seventh Circuit noted that *Lutheran* involved privilege objections (as to which there is no agency expertise) and not relevance or particularity. *Id.* at 648-49. But this dicta does not convince the court that the Seventh Circuit intends district courts blindly to enforce subpoenas for information the EEOC has no statutory authority to obtain, particularly in light of that court's unambiguous directive in *United Air Lines,* discussed *supra.*

6

under these circumstances is willing to view service as being effected as late as May 19, making Americold's formal petition timely.[2]

Alternatively, but more importantly, this court *cannot* enforce the EEOC's subpoena unless the court finds that the material sought is relevant. *United Air Lines*, 287 F.3d at 653 (reversing district court's order enforcing subpoena and holding that "[a]bsent a finding that the material sought is relevant, a court may not enforce an EEOC subpoena").

As explained below, the court finds that the EEOC has not demonstrated the relevance to a pending charge of the information sought from Americold. It therefore cannot enforce it, irrespective of the asserted waiver, because a subpoena that seeks irrelevant material falls outside the EEOC's investigative authority. *See EEOC v. Shell Oil Co.,* 466 U.S. 54, 64 (1984), cited in *United Air Lines,* 287 F.3d at 652.

Relevance

The EEOC contends that even if there's been no waiver, Americold does not have valid defense to its subpoena. It maintains that its enforcement proceedings are summary in nature and allow only limited judicial review; so long as it shows that the subpoena is within its authority, that the demand for information is not too

---

[2]   This should not be read as requiring service on a particular individual or department to trigger the five-day period. The court confines its analysis to the particular circumstances presented here.

7

indefinite, and that the information is relevant to its investigation, it must be enforced.

The EEOC's interest in other Americold facilities and their collective bargaining agreements arose during its investigation of Ms. Hughes's charges, when it learned that Americold collective bargaining agreements apparently require employees to elect to pursue a charge of discrimination or a grievance, but not both. The EEOC maintains such a provision would unlawfully infringe on or chill employee rights (a conclusion Americold vigorously disputes) and that it needs the other facilities' collective bargaining agreements to determine whether that unlawful conduct is pervasive in the company.

Ms. Hughes did not complain about such a provision in her charge but about sexual harassment and retaliation against her for her complaints. And recall that, indeed, she pursued both a grievance and an EEOC charge, and she obtained relatively quick relief through the grievance procedure. Americold thus argues that provisions in other collective bargaining agreements in effect at other facilities are not relevant to Ms. Hughes's charge. The EEOC counters that "relevance" in the context of an EEOC investigation is broader than relevance principles that prevail under the Federal Rules of Civil Procedure. It maintains that courts have afforded the EEOC "access to virtually any material that might cast light on the allegations against the employer."

The EEOC also cites decisions in which courts have allowed the EEOC to seek out information that might reveal systemic discrimination, even though the

specific charge under investigation does not allege systemic discrimination. But those decisions address systemic discrimination of the sort the charging party has alleged on an individual basis—not systemic discrimination of a wholly different sort. For example, in *EEOC v. Konica Minolta Business Solutions*, 639 F3d 366 (7th Cir. 2011), the Seventh Circuit held that the EEOC's subpoena in furtherance of an investigation of the responding employer's alleged race-based hiring practices in general sought information relevant to the charging party's claim of race discrimination. *Id.* at 369. The court explained, "When the EEOC investigates a charge of race discrimination for purposes of Title VII, it is authorized to consider whether the overall conditions in a workplace support the claiming employee's allegations." *Id.* Here, the EEOC's investigation of whether Americold enters collective bargaining agreements at its other facilities that infringe on employees' ability to file charges is not framed to support Ms. Hughes's allegations of sexual harassment at her facility. The EEOC simply has not shown how the collective bargaining agreements in effect at Americold's other facilities could possibly shed light on the charges *or type of charges* that Ms. Hughes brought.[3] It has not demonstrated relevance even under the liberal standard it has articulated.

The EEOC also urges that when its investigation of a charge discloses an unalleged violation, it is not required to obtain a new charge from the charging

---

[3] At the hearing, counsel for the EEOC referred to a comment of an Americold employee that Americold was considering disciplinary action against Ms. Hughes for pursuing both avenues of relief, but the comment was vague, unsubstantiated, and likely hearsay.

9

party or to issue its own Commissioner's charge. But in this context as well, the decisions cited by the EEOC don't support its position that it has the authority in investigating a charge to gather information that is not relevant to that charge or that charging party. The Seventh Circuit's opinion in *EEOC v. United Air Lines, Inc.,* 287 F.3d 643, 654-55 (7th Cir. 2002), makes the contrary clear. In that decision, the Seventh Circuit reversed a district court's order enforcing a subpoena for a broad range of information, noting that if the EEOC uncovers what it believes is a broader pattern of discrimination during a narrow inquiry, then it can issue a Commissioner's charge. *Id.* at n.7. But without that charge, it cannot force disclosure of documents that aren't related to the charge under investigation. *Id.* at 654-55. As in *United Air Lines,* the EEOC has not provided a realistic explanation of how the information it seeks might assist it in resolving Ms. Hughes's charge. *Id.* at 654.

In sum, the court finds that the investigation the EEOC wishes to pursue by means of the subpoena at issue is a different investigation: it sheds no light on Ms. Hughes's charges or Americold's conduct toward her, nor does it focus on wider discrimination of the type alleged by Ms. Hughes. The EEOC's motion to enforce its subpoena is therefore DENIED.

So ORDERED.

Date: September 23, 2014

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system